UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. MARKMAN,<br><br>         Plaintiff,<br><br>    v.<br><br>KLINT JAMES MCKAY, et al.,<br><br>         Defendants. | CASE NO. CV 14-02162 DDP (RAO)<br><br>ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, Defendants' Motion to Dismiss, Plaintiff's Opposition, Defendants' Reply, all the records and files herein, the magistrate judge's first interim report and recommendation ("R&R"), to which no objections were filed, Defendants' Motion for Reconsideration, Plaintiff's Opposition, and Defendants' Reply. The Court accepts the R&R's factual and procedural summary,[1] and its finding that California Attorney General Kamala Harris ("AG Harris") is not vicariously liable for damages under § 1983. *See* R&R at 13-14, Dkt. No. 42. However, for the reasons stated below, the Court declines to accept the balance of the R&R.

---

[1] The Court specifically accepts and adopts the following: R&R 2:1-7:16.

### I. Defendants' Motion to Dismiss

Defendants move to dismiss the First Amended Complaint on three grounds. First, they argue that AG Harris, Deputy Attorney General Klint McKay ("DAG McKay"), and then-Executive Director of the California Medical Board Linda Whitney ("ED Whitney") are entitled to prosecutorial immunity. Second, they argue that all of the ALJ Defendants are entitled to judicial immunity. Third, they argue that the First Amended Complaint fails to state a viable claim for supervisory liability under § 1983.

### II. Prosecutorial Immunity: DAG McKay

Defendants argue that DAG McKay, AG Harris, and ED Whitney are entitled to absolute immunity from liability for initiating and arguing the disciplinary case against Plaintiff. And they are correct. Only Plaintiff has not based his lawsuit on those acts. Plaintiff bases his lawsuit on Defendants' refusal to update the BreEZe website after the deadline for a decision on the accusation passed. The Court must therefore determine whether that act (or failure to act) is entitled to immunity. However, because the Court finds below that Plaintiff has not pleaded sufficient factual matter to hold ED Whitney liable, the Court considers only whether DAG McKay is entitled to absolute immunity in this section.[2]

A prosecutor is entitled to absolute immunity from civil suits for damages under § 1983 for activities "intimately associated with the judicial phase of the criminal process[,]" *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *see also Butz v. Economou,* 438 U.S. 478, 511-12, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978) (applying *Imbler* to administrative proceedings), including civil suits alleging wrongdoing in the prosecutor's pre- and post-adjudication handling of the action, and all other acts occurring "in the course of his role as an advocate for the State[.]" *Buckley v. Fitzsimmons*, 509 U.S. 259, 273,

---

[2] AG Harris is not considered here because, as noted above, the Court agrees with the R&R's conclusion that she cannot be held liable in this action.

113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); *Demery v. Kupperman,* 735 F.2d 1139, 1144 (9th Cir. 1984), *cert. denied,* 469 U.S. 1127, 105 S. Ct. 810, 83 L. Ed. 2d 803 (1985).

"[T]he absolute immunity that protects the prosecutor's role as an advocate is not grounded in any special 'esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997) (citation omitted). The crucial inquiry is whether the function for which immunity was claimed is so integral to the process that to deny immunity would disserve the broader public interest in having advocates perform their functions without fear of having to later defend their actions in a civil lawsuit. *Forrester v. White,* 484 U.S. 219, 229, 108 S. Ct. 538, 545, 98 L. Ed. 2d 555 (1988); *Babcock v. Tyler,* 884 F.2d 497, 501-03 (9th Cir. 1989), *cert. denied*, 493 U.S. 1072, 110 S. Ct. 1118, 107 L. Ed. 2d 1025 (1990), overruled on other grounds as recognized in *Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003).

After the 30-day window for a decision on the accusation against him closed, Plaintiff demanded that the BreEZe website be updated to reflect his understanding that the interim suspension order had dissolved as a matter of law. After unsuccessfully attempting to contact AG Harris, ED Whitney, and ALJ Juarez, Plaintiff sent DAG McKay a letter in which he demanded that DAG McKay "take whatever steps were necessary to insure [*sic*] that the website was immediately updated." DAG McKay promptly forwarded Plaintiff's letter to ALJ Cohen and ALJ Formaker; ALJ Formaker forwarded it to ALJ Micon; and ALJ Micon ordered Plaintiff to participate in a conference call with him and DAG McKay. No specific allegation has been made regarding DAG McKay's involvement, if any, in the decision not to update the BreEZe website aside from Plaintiff's allegation that ALJ Micon said, during the conference call, "that it was agreed by all of the individual

defendants that the BreEZe system would not be updated … until a final decision was made by the [Medical Board]….” First Amended Complaint at ¶ 29.[3]

Presumably the acts for which Plaintiff seeks to hold DAG McKay liable are: (1) forwarding Plaintiff's letter to ALJ Cohen and ALJ Formaker; and (2) participating in the conference call. Because the foregoing actions were undertaken by DAG McKay in the midst of an ongoing administrative proceeding while acting as an advocate for the State, he is entitled to absolute immunity from liability. *See Buckley*, 509 U.S. at 273; *see also Lacey v. Maricopa County*, 693 F.3d 896, 912 (9th Cir. 2012) (immunity extends to "acts apart from the courtroom").

Furthermore, even if Plaintiff were to allege that DAG McKay specifically conferred with the other defendants before the conference call, *actively* participated in the call, and expressly agreed that the BreEZe website should not be updated, he would still be entitled to immunity as he would have done those acts and taken that position in his role as an advocate for the State in the underlying action. *See Buckley*, 509 U.S. at 273; *Lacey*, 693 F.3d at 912; *see also Ward v. City of Barstow*, 2015 WL 4497950, at *5 (C.D. Cal. July 22, 2015) (citing *Cooper v. Parrish*, 203 F.3d 937, 947-48 (6th Cir. 2000)) ("Since the alleged communication concerned an ongoing judicial proceeding, while [the prosecutor] was acting as an advocate for the state, [the prosecutor] is entitled to absolute immunity for engaging in that communication, regardless of its ex parte nature.")

DAG McKay cannot be held liable in this action because he did not function as anything other than an advocate for the State in an ongoing proceeding. *Kriege v. Hara,* 2012 WL 1755671, at *7–8 (D. Haw. May 15, 2012) (dismissing claims brought under § 1983 against two prosecutors for filing criminal complaints against the plaintiff and against a third prosecutor for filing a criminal complaint against the plaintiff and "fail[ing] to use his prosecutorial power to stop a conspiracy against

---

[3] As the Court notes below, this broad allegation is insufficient, without further detail, to implicate all of the defendants named in this action. *See infra* § IV.

[the p]laintiff[,]" as barred by absolute prosecutorial immunity). Accordingly, the Court finds that DAG McKay is entitled to absolute immunity.

### III. Judicial Immunity: ALJ Defendants

Judges are absolutely immune from liability for any acts they perform in their official capacities. *Stump v. Sparkman*, 435 U.S. 349, 364, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *see also Hirsch v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) (ALJs are entitled to quasi-judicial immunity when they perform judicial functions in court-like settings). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citing *Stump*, 435 U.S. at 356-57 & n.7). An act is judicial in nature when it involves "a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump,* 435 U.S. at 362. The "touchstone for the doctrine's applicability has been the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993).

The R&R concluded that the ALJ Defendants are not entitled to judicial immunity at this stage of the case because "[u]pdating a public website is not a task typically associated with … judging[,]" and therefore refusing to update the BreEZe website (or to order that the BreEZe website be updated) was not a judicial act. The Court respectfully disagrees.

Updating a public website is indeed not a task typically associated with judging. Here, that task rests with the Medical Board. *See* CAL. BUS. & PROF. CODE § 2027. However, the R&R's conclusion that the ALJ Defendants were not performing a judicial act by refusing to update the BreEZe website (or to order that the BreEZe website be updated) ignores a crucial first step in the process. The record does not suggest, as the First Amended Complaint alleges, that the ALJ

5

Defendants agreed "that the BreEZe system would not be updated by the [Medical Board] *to reflect the legally mandated dissolution of the Interim Suspension Order*...." First Amended Complaint at ¶ 29 (emphasis added). Rather, the record demonstrates that Plaintiff asked the ALJ Defendants to order that the website be updated based on § 494. That request required the ALJ defendants to render a decision on the continuing validity of an order previously entered by ALJ Juarez. *See* Request For Jud. Notice, Exhibit D, Dkt. No. 20-2. Thus, any action taken by the ALJ Defendants in response to Plaintiff's request was made in the context of an ongoing judicial proceeding.

Plaintiff's real complaint appears to be that the ALJ Defendants denied his requested relief that the BreEZe website be updated. That action by the ALJ Defendants easily falls within the swath of immunity protection that the law confers on judges. Accordingly, the ALJ Defendants are entitled to absolute judicial immunity.

**IV. Supervisory Liability: ED Whitney**

Vicarious liability cannot be imposed upon a supervisor for the actions of his or her subordinate in § 1983 actions. *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may be held liable only "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) (citations omitted).

Regardless of supervisory status, Plaintiff must plead sufficient factual matter to state a claim that is plausible on its face to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Claims are plausible on their face when the factual matter permits a reasonable inference that a defendant should be held liable for the misconduct alleged. *Id*. Plausible does not mean probable, but more than a *mere possibility* of misconduct must be shown. *Id*.

Defendants argue that Plaintiff failed to establish that either AG Harris or ED Whitney were directly involved or causally connected to the alleged violation of his civil rights, *i.e.*, the failure to promptly update the BreEZe website after the 30-day window for a decision on the accusation closed. The magistrate judge deemed that argument well-founded as to AG Harris, but held that it was "at least *plausible*" that ALJ Micon spoke to ED Whitney before making the decision which was relayed to Plaintiff during the May 2013 conference call. The Court respectfully disagrees.

ED Whitney is only mentioned by name three times in the factual allegations: once in ¶ 24 where Plaintiff notes that she filed a petition for an interim suspension order and twice in ¶ 25 where Plaintiff alleges that she ignored a letter he sent her. The only *possible* connection between ED Whitney and the alleged misconduct was pleaded in ¶ 29 where Plaintiff alleges that ALJ Micon told him that the defendants collectively decided not to update the BreEZe website. However, as noted above, Plaintiff must show *more* than a mere possibility of misconduct to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Therefore, just as Plaintiff's grab-bag allegation does not allow for a reasonable inference, without further detail, of involvement by AG Harris, so too is it insufficient to implicate ED Whitney.

## V. Leave to Amend

A *pro se* litigant must be given leave to amend his complaint unless it is clear that the complaint's deficiencies cannot be cured by amendment. *See Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). Once it is clear that the pleading deficiencies cannot be cured, dismissal without leave to amend is appropriate. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (there is no need to permit further amendment when any such amendment would be futile).

In a Memorandum and Order issued October 3, 2014, the magistrate judge dismissed Plaintiff's initial complaint with leave to amend upon concluding that the complaint's "vague and conclusory allegations about officials' involvement in civil rights violations warrant[ed] dismissal." Memorandum and Order at 5, Dkt. No.

35. The magistrate judge stated that, "[i]n any amended complaint, Plaintiff must spell out in more detail … what each defendant … did or failed to do." *Id.* at 6.

As noted above, Plaintiff failed to heed the magistrate judge's directions in his allegations against ED Whitney and AG Harris in his First Amended Complaint. *See supra* § IV. Nor, consistent with the conduct alleged, does it appear that he can do so. Because Plaintiff has twice failed to state a plausible claim against ED Whitney and AG Harris, the Court finds that permitting further amendment would be futile. *See Lipton*, 284 F.3d at 1039. Accordingly, the First Amended Complaint is dismissed as to AG Harris and ED Whitney with prejudice.

Furthermore, because dismissal without leave to amend is also appropriate "when amended pleadings do not contain allegations sufficient to overcome judicial and prosecutorial immunities[,]" *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986), the First Amended Complaint is also dismissed with prejudice as to the ALJ Defendants and DAG McKay.

**ACCORDINGLY IT IS ORDERED**:

1. The first interim report and recommendation is accepted and adopted in part and rejected in part.
2. Defendants' motion to dismiss is GRANTED with prejudice.
3. Judgment shall be entered consistent with this order.
4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: January 22, 2016

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE